## PACIFIC AUTOMATIC DEVICE CO. v. UNITED STATES FIDELITY & GUARANTY CO.

(Circuit Court of Appeals, Ninth Circuit. October 25, 1926. Rehearing Denied November 15, 1926.)

No. 4883.

1. Principal and surety ⬤⟶81.

Surety on bond to indemnify purchaser from loss resulting from breach of contract to manufacture *held* not to have become party to original contract, and not liable thereon.

2. Principal and surety ⬤⟶81.

Obligation of surety on bond to save purchaser harmless from any loss resulting from breach of contract to manufacture must be measured by terms of indemnity contract only.

In Error to the District Court of the United States for the District of Oregon; Robert S. Bean, Judge.

Action by the Pacific Automatic Device Company against the United States Fidelity & Guaranty Company. Judgment for defendant, and plaintiff brings error. Affirmed.

William C. Bristol, of Portland, Or., for plaintiff in error.

Dey, Hampson & Nelson and George L. Buland, all of Portland, Or., and McClure & McClure, of Seattle, Wash., for defendant in error.

Before RUDKIN, Circuit Judge, and DIETRICH and KERRIGAN, District Judges.

RUDKIN, Circuit Judge. On August 2, 1922, the Olympic Products Company, a Washington corporation, as manufacturer, entered into a contract with the Pacific Automatic Device Company, of Portland, an Oregon corporation, as purchaser, for the manufacture and sale of 25,000 automatic

windshield swipes to conform to a sample furnished by the purchaser, for which the purchaser agreed to pay the sum of $1.25 each, or $31,250 in all. Other covenants in the contract are not deemed material, aside from an agreement on the part of the manufacturer to furnish a bond in the sum of $31,250 to insure the performance of the contract. August 9, 1922, the manufacturer, with the United States Fidelity & Guaranty Company, as surety, entered into a bond in accordance with the foregoing requirement. The bond was in the penal sum of $31,250, conditioned that the manufacturer should well and truly indemnify and save harmless the purchaser from any pecuniary loss resulting from a breach of any of the terms, covenants, and conditions of the contract on the part of the manufacturer. The bond also contained the usual and customary conditions and provisions, that no liability should attach to the surety unless notice of default was given; that in case of default the surety should have the right to assume and complete the contract; that in no event should the surety be liable for a greater sum than the penalty of the bond; and that the surety should be subject to no suit, action, or other proceeding thereon, instituted later than August 9, 1923.

The present action was brought by the purchaser against the surety alone on a contract which is thus described in the complaint:

"That between the 1st and 15th days of August in the year 1922 aforesaid Olympic Products Company and The United States Fidelity & Guaranty Company, the defendant herein, jointly and severally promised, covenanted and agreed in writing with the plaintiff that they, or one of them, would, and both should, but neither of them did, assemble all raw material and therefrom manufacture and deliver twenty-five thousand (25,000) automatic windshield swipes, to conform to the sample furnished by Pacific Automatic Device Company, of Portland, Or., in accordance with the specifications thereabout fully set forth therein and attached thereto and made a part thereof; that said swipes were known as the Brownie windshield swipe and when so delivered were to be packed separately in paper carton boxes at the rate of one thousand (1,000) swipes per week from and after the 2d day of October, 1922, for the sum of one dollar and $^{25}/_{100}$ ($1.25) each, with the privilege and option to increase the number of swipes to be furnished to one hundred thousand (100,000), upon and pursuant to which plaintiff was to advance, and did advance, certain and various sums of money which were received and accepted at the dates and times as hereinafter mentioned, but the said defendant did not, and Olympic Products Company did not make and deliver said swipes or any of them."

The contract thus pleaded was denied by answer, and at the close of the testimony the court below directed a verdict for the defendant. The judgment on the verdict is now before us for review. It was conceded on the trial, and is conceded now, that the present action was not on the bond. Indeed, this is manifest because the bond is in no wise referred to in the complaint. The theory of the case, as advanced by counsel for the plaintiff in error in his brief, is this:

"The theory of the action and foundation of legal liability was that a contract and bond had been executed and given together as one entire transaction constituting a joint and several primary obligation shown by the documents themselves and accompanied with the surrounding facts, circumstances, acts, and transactions of the parties between themselves with subsequent correspondence evidenced and established the liability of defendant in error jointly with its principal to the plaintiff in error to answer for and pay the pecuniary loss sustained by the plaintiff in error; and that this was the whole governing intention of the transaction and the gist of the action."

[1, 2] But the record utterly fails to show that the defendant in error executed any contract, in writing or otherwise, such as is set forth in the complaint, or any contract of any kind, other than the indemnity bond to which we have referred, and the contention that a surety on such a bond becomes a party to the original contract between the principal and the obligee in the bond and assumes all obligations of that contract, regardless of the conditions, provisions, and limitations contained in the bond or indemnity contract, finds no support in reason or authority. The contract of the defendant in error was one of indemnity only, and the obligation it assumed must be measured by the terms of the indemnity contract to which it was a party, not by the terms of some other contract to which it was not a party. Of course, the question of liability on the bond is not before us; but it would seem entirely plain that the surety incurred no obligation in any event beyond the penalty of the bond, and that a breach of the conditions and provisions of the bond would release it unless waived.

This, it would seem, shows the absurdity of the contention that the surety was bound absolutely and unconditionally by the terms of the contract between the manufacturer and the purchaser without limitation even as to the amount. Had the bond been for $1, instead of for $31,250, the same contention might be made.

For these reasons, the court below correctly ruled that there was a failure of proof, and its judgment is affirmed.